**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JIMMIE L. McRAE,**

                **Plaintiff,**

                              v.    **Civil No 9:02-CV-00291 (GLS/RFT)**

**KATHLEEN EDWARDS, as
Executrix of the Estate of Edward
F. Reynolds,**

                **Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PLAINTIFF:**

JIMMIE L. McRAE
Plaintiff, *Pro Se*
95-B-0784
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403-2500

**FOR THE DEFENDANT:**

| | |
|---|---|
| HON. ELIOT SPITZER | **JAMES SEAMAN** |
| Attorney General, State of New York | Assistant Attorney General |
| The Capitol | |
| Albany, NY 12224 | |

**Gary L. Sharpe
U.S. District Judge**

## DECISION and ORDER

### I.     Background

Plaintiff Jimmie McRae brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In his amended complaint, McRae asserts that Edward R. Reynolds,[1] former Superintendent of Mohawk Correctional Facility, violated his rights when he placed McRae in the Special Housing Unit (SHU) without first affording him due process protections in violation of the Fourteenth Amendment.  *Dkt. No. 42*.  Pending are Reynolds' objections to the Report-Recommendation issued by Magistrate Judge Randolph Treece on October 27, 2004.  *Dkt. No. 54.*  Upon careful consideration of the objections, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[2]

### II.    Discussion[3]

---

[1] Reynolds has passed away and his estate is now substituted.

[2] The Clerk is hereby directed to attach the Report-Recommendation to constitute a complete record of the court's decision on this matter.

[3] The court adopts the factual summary in Judge Treece's Report-Recommendation, and assumes familiarity with the facts alleged in McRae's amended complaint.  *Dkt. Nos. 42, 53.*

2

### A. Standard of Review

The Court reviews the objected to findings and recommendations in a Magistrate's Report-Recommendation *de novo*, and will accept the report's uncontested parts unless they are "clearly erroneous." *See* 28 U.S.C. § 636(b)(1)(C); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

The court adopts the motion to dismiss standard as articulated in Judge's Treece's Report-Recommendation. *Report-Recommendation pp. 6-7, Dkt. No. 53.*

### B. Objections to Report-Recommendation

Judge Treece recommended denying Reynolds' motion to dismiss, pursuant to Rule 12(b)(6), finding that McRae had sufficiently stated a due process claim and that adjudication of Reynolds' qualified immunity affirmative defense would be premature because issues of fact remain.

Reynolds objects only to the portion of Judge Treece's recommendation denying qualified immunity. Superintendent Reynolds insists that dismissal is warranted because he did not know about the alleged conditions of McRae's confinement. Generally, qualified immunity may be considered by the court on a motion to dismiss if the defense is

3

based on facts appearing on the face of the complaint, and if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

The Second Circuit has articulated a two step approach governing the qualified immunity analysis. *Hanrahan v. Doling*, 331 F.3d 93 (2d Cir. 2003).[4] First, the court must ask whether a constitutional right has been violated. *Hanrahan*, 331 F.3d at 97. If so, "the second inquiry is whether the right in question is clearly established." *Id*. To make this determination, "the court considers whether a reasonable person, acting under the circumstances then confronting the defendant, would have understood that his actions were unlawful." *Id.* at 98. "The reasonableness of the defendant's conduct should be judged from the perspective of the defendant at the time of the challenged conduct." *Id.*

Here, the facts necessary to determine what a reasonable Superintendent in Reynolds' position knew or should have known regarding the conditions of McRae's SHU confinement are unclear. Accordingly,

---

[4]Reynolds primarily relies on the case *Hanrahan v. Doling*, 331 F.3d at 93 (2d Cir. 2003). The court notes that this case addressed qualified immunity in the context of a motion for summary judgment.

granting a motion to dismiss based on the defense of qualified immunity would be premature. Therefore, Judge Treece's Report-Recommendation denying defendant's motion to dismiss based on qualified immunity is adopted in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hearby

**ORDERED** that the defendant's motion to dismiss is **DENIED** as to the plaintiff's due process claim; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Decision and Order upon the parties to this action.

**IT IS SO ORDERED.**

**September 30, 2005
Albany, New York**

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge